1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL A. VICTORY,                    Case No. 1:20-cv-00738-CDB (PC)

12              Plaintiff,                   **FINDINGS AND RECOMMENDATIONS
                                             TO DISMISS ACTION**
13        v.

14   J. SHAFFER, et al.,                     **14-DAY OBJECTION PERIOD**

15              Defendants.                  Clerk of the Court to assign District Judge

16

17        Michael A. Victory alleges the defendants violated his Fourteenth Amendment rights

18   during parole suitability hearings. (Doc. 16.) The Court finds that Plaintiff's second amended

19   complaint fails to state a cognizable claim under federal law. Because amendment would be

20   futile, the undersigned will recommend dismissal of this action.

21   **I.       SCREENING REQUIREMENT**

22        The Court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

24   The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious,

25   fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

26   who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

27   it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal

28   theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.    PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

2

1    section 1983, a plaintiff must show a causal connection or link between the actions of the

2    defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*,

3    423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the

4    deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative

5    act, participates in another's affirmative acts, or omits to perform an act which he is legally

6    required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588

7    F.2d 740, 743 (9th Cir. 1978) (citation omitted).

8    **III.      PLAINTIFF'S ALLEGATIONS**

9          Plaintiff was incarcerated on August 7, 1998, and became parole eligible in November

10   2012.[1] In his original complaint, Plaintiff indicated he was convicted following a jury trial and

11   sentenced to "an indeterminate life term with possibility of parole." (*See* Doc. 1 at 4; *see also*

12   Doc. 12 at 6.)

13         In his second amended complaint, Plaintiff alleges the parole board is "a quasi-judicial

14   tribunal … not neutral decision-makers by impermissibly engaging in a sub-rosa policy of making

15   pre-determined decisions to deny parole prior to Plaintiff being heard and after exercising his

16   rights not to admit guilt or testify about his commitment offense violating due process." (Doc. 16

17   at 4.) Plaintiff contends the 2013 and 2016 "quasi-judicial tribunals" included Commissioner

18   Anderson and Deputy Commissioner Martin. (*Id*.) He asserts the tribunal was not impartial

19   because it made a "predetermined decision early within the starting of the hearing based on

20   Plaintiff's attorney" advising Plaintiff to exercise his right to silence pursuant to California Penal

21   Code section 5011(b)[2] and California Code of Regulations section 2236.[3] (*Id*.) Plaintiff states that

22         [1] *See* https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=P07048 (accessed 1/6/2023). The Court
23   may take judicial notice of public information stored on the CDCR inmate locator website. *See In re*
     *Yahoo Mail Litig*., 7 F.Supp.3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information
24   on "publicly accessible websites" not subject to reasonable dispute); *Louis v. McCormick & Schmick*
     *Restaurant Corp*., 460 F.Supp.2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state
25   agency records).

26         [2] California Penal Code section 5011(b) states "The Board of Prison Terms shall not require, when
     setting parole dates, an admission of guilt to any crime for which an inmate was committed."

27         [3] Title 15 of the California Code of Regulations section 2236 provides: "The facts of the crime
28   shall be discussed with the prisoner to assist in determining the extent of personal culpability. The board
     shall not require an admission of guilt to any crime for which the prisoner was committed. A prisoner may

1    2013 he was denied parole for a five-year period and in 2016 was denied for a 3-year period as a

2    result of exercising his rights. (*Id.*) Plaintiff contends "[a]ny testimony provided by Plaintiff after

3    the exercising of these rights fell on deaf ears." (*Id*. at 4, 6.) Citing to "Greenholtz and Cook,"

4    Plaintiff alleges the tribunal's decision was made prior to his testimony and not after the hearing

5    as required; rather, Plaintiff contends "[b]oth the 2013 & 2016 tribunals were only playing lip-

6    service to both of these federal constitutional rights." (*Id*. at 6.)

7           Plaintiff contends there "is extensive documents including the 2013 & 2016 hearing

8    transcripts that overwhelmingly support Plaintiff met all of the qualifying probative criteria that

9    supported only one outcome – a decision in favor of granting Plaintiff right to right liberty." (*Id*.

10   at 7.) Plaintiff provides a list of nine such criteria met. (*Id*.) Plaintiff alleges that when other

11   inmates present "such irrefutable evidence meeting the probative criteria … the tribunal's

12   decision would result in the granting of parole." (*Id*.) Plaintiff contends by exercising his rights to

13   remain silent, the outcome was different. (*Id*.) He alleges "admission of guilt to any specific

14   felony is not mandated as a pre-requisite in order to be granted parole," nor is discussing the

15   commitment offense. (*Id*.) Plaintiff contends the tribunal held his silence against him "prior to

16   Plaintiff speaking, or being heard within the hearing." (*Id*.)

17          Next, Plaintiff alleges "[f]orthcoming discovery will support the wide-spread sub-rosa

18   policy adopted by the tribunals with the fore knowledge of their superior Jennifer Shaffer and the

19   resulting court limitation in favor of habeas corpus petitioners." (*Id*. at 7.) He contends Shaffer

20   and numerous other named Defendants "failed to intervene" on his behalf. (*Id*. at 8.)

21          Plaintiff attended parole hearings in 2017 and 2019, wherein counsel instructed Plaintiff to

22   continue exercising his rights under California law. (*Id*. at 4, n.1.) Although these proceedings

23   were conducted by different commissioners, on each occasion Plaintiff was denied parole for a

24   period of three years. (*Id*.)

25   //

26

27   refuse to discuss the facts of the crime in which instance a decision shall be made on the other information
     available and the refusal shall not be held against the prisoner. Written material submitted by the prisoner

28   under § 2249 relating to personal culpability shall be considered."

4

1    Plaintiff seeks declaratory and injunctive relief instructing Defendants that the exercising

2    of his right to not discuss his commitment offenses cannot be used against him in determining

3    parole suitability. (*Id.* at 9-10.)

4    **IV.     DISCUSSION**

5    The Fourteenth Amendment protects persons from deprivations of life, liberty, or property

6    without due process of law. U.S. Const. amend. XIV. Protected liberty interests may arise both

7    from the Constitution itself or from state law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)

8    (citations omitted). "A state may create a liberty interest through statutes, prison regulations, and

9    policies." *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013) (citation omitted).

10   When a protected liberty interest is implicated, the Due Process Clause provides certain

11   procedural guarantees before the state can take away that interest. *See Bd. of Regents of State*

12   *Colleges v. Roth*, 408 U.S. 564, 569-70 (1972). The amount of process or specific procedures

13   required vary by context and the particular interest at stake. *See Mathews v. Eldridge*, 424 U.S.

14   319, 335 (1976).

15   "There is no right under the Federal Constitution to be conditionally released before the

16   expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.

17   When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures

18   for its vindication—and federal courts will review the application of those constitutionally

19   required procedures." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (citation omitted).

20   The core requirement of due process is a fair and unbiased decision-making process. *In re*

21   *Murchison*, 349 U.S. 133, 136 (1955) ("A fair [proceeding] in a fair tribunal is a basic

22   requirement of due process"). "This applies to administrative agencies which adjudicate as well

23   as to courts." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975) (citing *Gibson v. Berryhill*, 411 U.S.

24   564, 579 (1973)). Due process requires fair-minded people on the hearing panel, and it requires

25   that the procedures that govern their decision-making must also be fair. *See Murchison*, 349 U.S.

26   at 136. Both are necessary for the decision itself to be impartially rendered, as due process

27   requires. *See Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir.), cert. denied, 454 U.S. 1102

28   (1982) (noting duty of parole board members to "render impartial decisions").

1 Under the Due Process Clause, the standard analysis "proceeds in two steps: We first ask
2 whether there exists a liberty or property interest of which a person has been deprived, and if so
3 we ask whether the procedures followed by the State were constitutionally sufficient." *Cooke*, at
4 219. "The liberty interest at issue here is the interest in receiving parole when the California
5 standards for parole have been met...." *Id*. at 221. As to what procedures are required, "[i]n the
6 context of parole, [the Supreme Court has] held that the procedures required are minimal." *Id*. at
7 220; *see also Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 12 (1979).[4]
8 All that is required is an opportunity to be heard and a statement of reasons why parole was
9 denied. *Id*.; *see also Miller v. Oregon Bd. of Parole & Post Prison Supervision*, 642 F.3d 711,
10 716 (9th Cir. 2011) ("The Supreme Court held in *Cooke* that in the context of parole eligibility
11 decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair
12 hearing and a statement of reasons for a parole board's decision..."). Thus, "a mere error of state
13 law is not a denial of due process" when reviewing a parole board's decision, and it is an error for
14 federal courts to determine whether state courts correctly decide parole cases. *Cooke*, 562 U.S. at
15 221-22.

16 Plaintiff cannot state a cognizable due process claim because he cannot show that the
17 parole hearing panel denied him the minimum procedures guaranteed by the Fourteenth
18 Amendment. Plaintiff does not allege that the defendants denied him an *opportunity* to be heard.
19 Nor does he allege they failed to provide him with the reasons why parole was denied. It is clear
20 from Plaintiff's second amended complaint that he was afforded an opportunity to be heard.

---

[4] In *Greenholtz*, the Supreme Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. *Greenholtz*, 442 U.S. at 16. The decisionmaker is not required to state the evidence relied upon in coming to the decision. *Id*. at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. *Id.* at 9. Further, the discretionary decision to release one on parole does not involve retrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. *Id*. at 13. In *Greenholtz*, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. *Id*. at 15.

1    Plaintiff's belief that the panel decided against him prior to the hearing does not equate to a denial

2    of Plaintiff's opportunity to be heard. The hearings at issue occurred, Plaintiff was represented by

3    counsel and refers to the existence of hearing transcripts, and it can be readily inferred Plaintiff

4    was provided with a statement of reasons for each denial. As set forth in *Greenholtz*, the parole

5    board need not point to any specific evidence upon which it relied to deny Plaintiff parole-release.

6    "The parole release decision ... is ... subtle and depends on an amalgam of elements, some of

7    which are factual but many of which are purely subjective appraisals by the board members based

8    upon their experience with the difficult and sensitive task of evaluating the advisability of parole

9    release." *Greenholtz*, 442 U.S. at 10.

10          As Plaintiff has been previously advised (*see* Doc. 13 at 5), whether the commissioners

11   correctly applied California law in conducting the hearing, or in denying parole, is not

12   determinative of whether Plaintiff received adequate process under the Due Process Clause. In

13   other words, "a mere error of state law is not a denial of due process." *Cooke*, 562 U.S. at 222

14   (internal quotation marks & citation omitted). Said another way, whether the board or tribunal

15   improperly sought Plaintiff's admission of guilt, contrary to California Penal Code section

16   5011(b) or Title 15 of the California Code of Regulations section 2236 is not relevant, because

17   the correct application of California's "some evidence" requirement for the denial of parole is not

18   a requirement of the Due Process clause. *Cooke*, 562 U.S. at 219-20; *Pearson v. Muntz*, 639 F.3d

19   1185, 1191 (9th Cir. 2011) ("While the Court did not define the minimum process required by the

20   Due Process Clause for the denial of parole under the California system, it made clear that the

21   Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole

22   hearings and to contest the evidence against them, were afforded access to their records in

23   advance, and were notified as to the reasons why parole was denied'") (quoting *Cooke*, 562 U.S.

24   at 219). *See also Victory v. Bd. of Parole Hearings*, No. 2:16-cv-00997-WBS-CKD, 2016 WL

25   6568660, at *2 (E.D. Cal. 2016) ("Under [*Cooke*], it is no federal concern...whether California's

26   'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was

27   correctly applied"), F&R adopted, 2017 WL 10926754 (E.D. Cal. Apr. 13, 2017), aff'd, 727 Fed.

28   Appx. 422 (9th Cir. 2018) (unpublished), cert. denied, 139 S. Ct. 1609 (2019).

To the degree Plaintiff alleges bias on the part of the parole board or tribunal, he fails to state a cognizable claim. "The due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution, but they are not so lax as to let stand the decision of a biased hearing officer." *Edwards v. Balisok*, 520 U.S. 641, 647 (1997) (citing *Wolff v. McDonnell*, 418 U.S. 539, 570-571 (1974)); *see also Burgess v. Rios*, No. 1:12-CV-00544-AWI-SKO, 2015 WL 3402933, at *6 (E.D. Cal. May 27, 2015), aff'd, 658 Fed. Appx. 335 (9th Cir. 2016) ("A fair trial in a fair tribunal is a basic requirement of due process that applies in prison disciplinary proceedings") (citing *In re Murchison*, 349 U.S. at 136; *Wolff*, 418 U.S. at 570-71). Thus, although prison disciplinary officers are not held to the same standard of neutrality as adjudicators in other contexts, *see Allen v. Cuomo*, 100 F.3d 253, 259 (2d Cir. 1996), due process requires an absence of actual bias and of the probability of unfairness. *Burgess*, 2015 WL 3402933, at *6 (citing *In re Murchison*, 349 U.S. at 136). However, prison disciplinary officers are entitled to a presumption of honesty and integrity in the absence of evidence of a risk of actual bias or prejudgment. *Burgess*, 2015 WL 3402933, at *6 (citing *Withrow v. Larkin*, 421 U.S. 35, 46-47, 58 (1975)).

Plaintiff's assertions that the commissioners "decision was already made up to deny parole" are simply speculative, and therefore insufficient. Plaintiff offers only legal conclusions (*see e.g.*, "the tribunal made a predetermined decision" [Doc. 16 at 4] & "tribunal's decision was made PRIOR TO plaintiff's testimony and not AFTER the hearing" [id. at 6]), rather than factual allegations that Anderson and Martin were actually biased. Plaintiff has alleged no statement or act that suggests bias or that would overcome the presumption of honesty and integrity to which Defendants are entitled.

## V. CONCLUSION AND RECOMMENDATIONS

Accordingly, the Court finds that the complaint fails to state a cognizable civil rights claim and that any amendment of the second amended complaint would be futile. "A district court may deny leave to amend when amendment would be futile." *Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013); *accord Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely"). Because Plaintiff

has been afforded the opportunity to cure the deficiencies in his previous complaints but again offers no facts upon which relief can be granted, the undersigned recommends that this action be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 11, 2023**

UNITED STATES MAGISTRATE JUDGE

9